IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HEATHER HERNDON, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL NO. 3:22-CV-2119-S-BK |
| § | |
| EXPERIAN, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** as duplicative of a pending case.

On September 23, 2022, Plaintiff Heather Herndon, a resident of Alaska, filed her *Complaint Under the Civil Rights 42 USC Section 1983* against Experian. Doc. 3. She asserts violations of the Fair Credit Reporting Act. Doc. 3 at 1. Her claims, however, are duplicative of those she is currently pursuing in the United States District Court for the District of Alaska in *Herndon v. Experian*, No. 3:22-CV-0165. Indeed, her complaint in this case is nearly identical to the amended complaint she filed on July 25, 2022, in the pending District of Alaska case.

*Compare* Doc. 3 at 1-5 (*Complaint* filed in this case) *with* Doc. 3-2 at 4-7 (*Amended Complaint* filed in District of Alaska).[1]

Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as duplicative. *See* 28 U.S.C. § 1915(e)(2)(B); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," and that courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

**SO RECOMMENDED** on October 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Because Herndon did not pay filing fee, the Court presumes that she seeks leave to proceeding *in forma pauperis* and, thus, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).